Finding no error herein, the judgment is affirmed.

agreement relative thereto in evidence. See Branch's Penal Code, p. 695, Sec. 1231.

Because of a failure to show in the statement of facts that Lubbock County is a dry area, this judgment is reversed, and the cause remanded.

## CRAVEN v. STATE.
### No. 20864.

Court of Criminal Appeals of Texas.
Feb. 28, 1940.

Rehearing Denied April 17, 1940.

## KELLY v. STATE.
### No. 20954.

Court of Criminal Appeals of Texas.
April 3, 1940.

Mel Janes, of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the unlawful sale of intoxicating liquor in a dry area, and by the jury fined the sum of $100.

In the complaint and information it is alleged that Lubbock County was a dry area, in that at an election held for that purpose a majority of the qualified voters thereof had thus determined, etc.

We find no agreement in the statement of facts relative to such allegations, nor do we find any proof thereof in the statement of facts.

This being a special law, we have held in many cases that proof of its adoption in a certain locality must be made, or an

F. H. Woodard, of Corpus Christi, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Nueces County for engaging as a plumber in the city of Corpus Christi, Texas, without a license, and his punishment was assessed at a fine of $25.

The evidence heard upon the trial is not brought forward for review. No complaints of the rulings of the trial court have been presented by bills of exception, and we have been favored with no brief in the case.

Upon the record before us, no reversible error has been discovered, and the judgment is therefore affirmed.